```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

WILFRED H. EVICCI,               )
          Plaintiff,             )
                                 )
     v.                          )C.A. No. 04-10787-WGY
                                 )
EDWARD FICCO, et al.,            )
          Defendants.            )
```

<u>YOUNG, C.J.</u>                                       April 21, 2004

## MEMORANDUM AND ORDER

For the reasons stated below, this action is dismissed without prejudice.

## BACKGROUND

On April 19, 2004, plaintiff Wilfred Evicci, an inmate at Souza-Baranowski Correctional Center ("SBCC"), filed (1) a document titled "Emergency Complaint and Affidavit For a Motion to Prohibit SBCC/DOC From Obstructing First Amend. U.S. Const." and (2) a document titled "To Whom It May Concern Motion for Leave to Have Your Court Make Declaratory Judgment." In these filings, Evicci alleges that unnamed persons at SBCC have been obstructing his access to "information" and have, among other things, delayed his access to the law library, loaner books, websites and CD-ROMS, and have prevented him from calling NASA and the Goddard Space Flight Center. Compl., p. 1. Evicci appears to claim that he needs to contact the latter

two entities to obtain satellite data.  Motion, p. 1.[1]

Mr. Evicci has been a frequent and prolific litigant in this Court.[2]  On December 19, 2002, in <u>Evicci v. Maloney, et al.</u>, C.A. No. 01-12216-WGY, I determined that under Section 1915(g) of title 28, Evicci was ineligible to proceed <u>in forma pauperis</u> because he has had three or more actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  <u>See</u> Docket No. 3; 28 U.S.C. § 1915(g). The First Circuit Court of Appeals has made a similar finding.  <u>In re Wilfred Evicci</u>, 03-1034 (July 31, 2003).  Indeed, as recently as

---

[1] I note that my review of the dockets of Evicci's many cases in this Court reveals that Evicci has filed similar documents seeking satellite data in several other actions.  <u>Evicci v. Souza-Baranowski Correctional Facility Officers</u>, C.A. No. 03-12623-WGY (Docket No. 2, returned to Evicci); <u>Evicci v. Maloney, et al.</u>, C.A. No. 99-12345-DPW (Dockets Nos. 79-84).

[2] <u>See</u> <u>Evicci v. Correctional Officer Alves, et al.</u>, C.A. No. 98-10730-PBS (judgment for defendants), <u>aff'd</u>, 99-2203 (1st Cir. June 28, 2001); <u>Evicci v. Commissioner of Corr.</u>, C.A. No. 99-11561-DPW (dismissing § 2254), <u>appeal pending</u>, 03-1964; <u>Evicci v. Doe ,et al.</u>, C.A. No. 99-11925-WGY (dismissed); <u>Evicci v. Maloney</u>, C.A. No. 99-12345-DPW (§ 2254 petition dismissed), <u>aff'd</u>, 00-2268 (Jan. 4, 2001); <u>Evicci v. Does 1-7, et al.</u>, C.A. No. 00-10279-WGY (defendants' motion to dismiss granted), <u>appeal dismissed</u>, 03-1213 (July 2, 2003); <u>Evicci v. Baker, et al.</u>, C.A. No. 00-10749-WGY (jury verdict for defendants), <u>appeal dismissed</u>, 03-1213 (Aug. 21, 2003); <u>Evicci v. Old Colony Corr. Ctr., et al.</u>, C.A. No. 00-12356-WGY (defendants' motion to dismiss granted), <u>appeal dismissed</u>, 03-1192 (May 14, 2003); <u>Evicci v. Maloney</u>, C.A. No. 01-10346-DPW (dismissed); <u>Evicci v. Maloney, et al.</u>, C.A. No. 01-12216-WGY (dismissed under § 1915(g)); <u>Evicci v. Central New Mexico Corr. Facility, et al.</u>, C.A. No. 02-12356-WGY (dismissed).

January 8, 2004, I once again informed Evicci that he is ineligible to proceed in forma pauperis in this Court. See Evicci v. Souza-Baranowski Correctional Facility Officers, C.A. No. 03-12623-WGY (dismissing). Evicci has not submitted the $150.00 filing fee for this action.

### ANALYSIS

Evicci Is Not Eligible to
Proceed Without Payment of the Filing
Fee in Full Unless He Is In "Imminent Danger"

Section 1915(g) prohibits prisoners from proceeding without prepayment of the filing fee when a prisoner plaintiff has had three prior lawsuits dismissed on the grounds that the actions were frivolous, malicious, or failed to state a claim unless the prisoner alleges that he is under an imminent threat of serious physical injury. 28 U.S.C. § 1915(g);[3] see, e.g., Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383, 388 (5th

---

[3]Section 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Cir. 1996).

"Imminent danger" under Section 1915(g) is measured at the time of the filing of the complaint, and plaintiff makes no allegations in any of his filings that indicates that he is subject to immediate harm. Because plaintiff has not alleged that he is in imminent danger of physical injury and has been deemed to have received "three strikes," see Evicci v. Maloney, et al., C.A. No. 01-12216-WGY (Dec. 19, 2002) (Docket No. 3); In re Wilfred Evicci, 03-1034 (July 31, 2003), he may not proceed in this action without paying the entire filing fee up front, and this action shall be dismissed. See Malik v. McGinnis, 293 F.3d 559, 562-563 (2d Cir. 2002) (dismissing; imminent danger measured at time of filing the complaint); Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3rd Cir. 2001) (same).

## CONCLUSION

Accordingly, for the reasons stated above, this action is dismissed without prejudice.

SO ORDERED.

                                  s/ William G. Young
                                  WILLIAM G. YOUNG
                                  CHIEF JUDGE